UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>            Plaintiff,<br><br>    v.<br><br>MOHADJER, Clinical Psychologist, et al.,<br><br>            Defendants. | No.  2:13-cv-1193 WBS AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On July 22, 2013, plaintiff filed a motion for a temporary restraining order/preliminary injunction, claiming that he was being subjected to acts of retaliation in the form of serious rules violations reports for the filing of this lawsuit. ECF No. 13. Plaintiff provided some evidence that he suffers from anxiety and post traumatic stress disorder and indicated he had engaged in suicide attempts in the past. He appeared to be alleging that he is currently in psychiatric crisis and is not being properly monitored for suicidal ideation.

By order filed on July 24, 2013 (ECF No. 14), the undersigned found plaintiff's amended complaint to state a cognizable claim against defendant Mohadjer for inadequate medical care in violation of the Eighth Amendment. By separate order (ECF No. 15), also filed on July 24, 2013, the court directed the defendant to respond within ten (10) days to plaintiff's request for

immediate injunctive relief. The Attorney General and the defendant were directed to contact the appropriate medical/mental health authorities at CMF-Vacaville to ensure their awareness of plaintiff's potential suicide risk. By special appearance, the Attorney General's office has provided a timely response with respect to plaintiff's current status. In the interim, plaintiff filed another putative motion for a TRO. ECF No. 17. Because the second motion relies on the same circumstances and allegations as the first, the court considers them together. After careful review, the court recommends denial of plaintiff's motions for immediate injunctive relief.

### Motions

Plaintiff makes a number of claims in these two motions, including that he is being subjected to retaliatory disciplinary charges which result in administrative segregation ("ad seg") placement, and that he is not being properly monitored as a suicide risk. Plaintiff seeks either to have his ad seg placement rescinded or to have his transfer out of prison to a state hospital expedited. Plaintiff alleges that only treatment at Patton or Atascadero State Hospital is adequate to address the post-traumatic stress disorder he suffers as a result of sexual abuse. This allegation also forms the basis of plaintiff's underlying amended complaint.

### Standards Governing Issuance of a Temporary Restraining Order

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

////

Standards Governing Issuance of a Preliminary Injunction

"A preliminary injunction is an 'extraordinary and drastic remedy' . . . never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689 90 (2008) (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Assn, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, . . . assuming the other two elements of the *Winter* test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Likelihood of Success on the Merits

In opposition to the motion at ECF No 13, Dr. Kumar, CDCR[1] staff psychiatrist at Kern Valley State Prison (KVSP) Correctional Treatment Center (CTC), declares that plaintiff, who is currently confined at CTC in a crisis bed, does not qualify for hospitalization. Declaration of Dr.

---
[1] California Department of Corrections and Rehabilitation.

Kumar (ECF No. 19-1) at ¶¶ 2-3.  No contrary medical opinion is before the court. Accordingly, the present record does not support a finding that plaintiff is likely to prevail on the merits of his claim regarding psychiatric care.

### Likelihood of Irreparable Harm

According to Dr. Kumar, plaintiff is on suicide watch consisting of one-on-one direct observation from the front of his cell by nursing staff.  ECF No. 19-1 at ¶ 2.  It is the doctor's opinion that plaintiff's threat to cut himself if he is taken off the one-on-one monitoring is for "secondary gain" in light of an alleged history of manipulative behavior by plaintiff.  Id.  Nevertheless, the doctor informs the court that plaintiff will continue to be treated as suicidal due to that part of plaintiff's history which includes behavior that is self-injurious.  Id.   In addition, plaintiff has been "started on Zoloft for its anti-depressant and anti-anxiety effects."  Dr. Kumar emphasizes that he/she is "taking a cautious approach" notwithstanding what the doctor terms plaintiff's "long history of attention seeking behavior."  Id. at ¶ 3.  Dr. Kumar also states that plaintiff's treatment plan calls for quickly stabilizing plaintiff and returning him to the California Medical Facility.  ECF No. 19-1 at ¶ 3.  In light of the evidence that plaintiff is being closely monitored and that a treatment plan is presently in place, the court cannot conclude that that plaintiff is likely to be subjected to irreparable harm absent preliminary injunctive relief.

### Balance of the Equities

Plaintiff seeks transfer to a state hospital both for psychiatric treatment and as a remedy for his allegedly improper and retaliatory ad seg placement.  On screening, the court did not find that the complaint states a claim of retaliation.  See ECF No. 14.  Moreover, the federal courts are generally loath to interfere with internal discipline in federal or state prisons.  Winsby v. Walsh, 321 F. Supp. 523, 526 (C.D. Cal. 1971).  In general, prison officials' housing and classification decisions do not implicate a prisoner's constitutional rights.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215, 223-225 (1976).

> The challenge . . . in prison condition cases, is to uphold the

> Constitution in such a manner that respects the state's unique interest in managing its prison population. It is a challenge that requires us to draw constitutional lines when necessary, yet minimize any intrusion into state affairs.

Madrid v. Gomez, 889 F. Supp. 1146, 1279 (N.D. Cal. 1995).

Regarding mental health treatment, the balance of the equities does not favor judicial intervention at this stage of the proceedings. Plaintiff is being monitored for suicide risk and is receiving mental health services. On the present record, it cannot be concluded that these measures are inadequate. There is no basis for this court to override the medical judgments of prison psychiatric staff.

### Public Interest

No identifiable public interest would be served by the court's interference with plaintiff's treatment or housing.

### Conclusion

For all the reasons set forth above, plaintiff has not established his entitlement to immediate injunctive relief.

Accordingly, IT IS RECOMMENDED that plaintiff's motions for immediate injunctive relief (ECF Nos. 13 and 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

////
////
////
////

District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

DATED: August 5, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
walk1193.pi

6