UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>               Plaintiff,<br><br>   v.<br><br>MOHADJER, Clinical Psychologist, et al.,<br><br>               Defendants. | No. 2:13-cv-1193 WBS AC P<br><br><br><br><br><br><br>ORDER |

By Findings and Recommendations filed on August 6, 2013 (ECF No. 20), the undersigned recommended that plaintiff's motions for immediate injunctive relief (ECF Nos. 13 and 17) be denied. By special appearance, the Attorney General's Office provided information to the court that, despite plaintiff's representations to the contrary, he has been receiving psychiatric care for his alleged mental health crisis and is being closely monitored.

Plaintiff has once again filed a duplicative request without awaiting final adjudication of prior requests. ECF No. 23. The court has previously found plaintiff's amended complaint to state a cognizable claim against defendant Mohadjer for inadequate medical care in violation of the Eighth Amendment. ECF No. 15  Plaintiff evidently now seeks leave to supplement both his first amended complaint and his prior requests for immediate injunctive. Plaintiff appears to be

1

claiming that he has harmed or attempted to harm himself by slicing his wrists on additional occasions while he has been in the crisis bed unit at Kern Valley State Prison and since the filing of his earlier requests.  ECF No. 23 at 2.  Plaintiff's allegations are contradictory and barely coherent.  He claims that on July 26, 2013, he was placed back in crisis in a "double-cell life threatening situation," while at the same time saying his placement in a double cell causes him to make "return trips to crisis."  Id.  Plaintiff states that he is housed at CMF-Vacaville, while simultaneously indicating that until the day of his present writing, August 10, 2013, he was in the (KVSP) crisis unit.  Id.  He states that as of August 10, 2013 he would be transferred to CMF, while at the same time indicating that he was "feeling better," writing "off the top" of his head and still in a KVSP crisis bed where he had been since July 28, 2013.  ECF No. 23 at 3.

Despite plaintiff's deficient putative motion, in light of the liberal rules of federal pleading and plaintiff's pro se status, the court will permit plaintiff to file a second amended complaint.  In so doing, he must include all of his claims and name all of the defendants against which he wishes to proceed.  Piecemeal filings will not be permitted (see Local Rule 220) and any second amended complaint will supersede the earlier amended complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect. . .").  Plaintiff will have thirty days to file a second amended complaint.

However, plaintiff's insufficiently supported request for immediate injunctive relief will be disregarded.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to supplement his amended complaint (ECF No. 23) is construed as a request to file a second amended complaint and is granted;

2. Plaintiff must file any second amended complaint within thirty days.  Should he fail to do so within the time provided, this action will proceed on the first amended complaint;

3. To the extent plaintiff's motion (ECF No. 23) seeks preliminary injunctive relief, it will be disregarded in light of the pending Findings and Recommendations; and

4. Plaintiff's is cautioned that continued seriatim filings, especially those made before the

court has had an opportunity to act on earlier requests or motions, may subject plaintiff to sanctions.

DATED: August 16, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
walk1193.ord2

3