UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOHADJER, Clinical Psychologist, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1193 WBS AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff has previously been cautioned that continuing to file documents seriatim in this case, particularly prior to affording the court an opportunity to address earlier requests, might subject plaintiff to sanctions. ECF No. 28 at 2-3.  Notwithstanding, on October 1, 2013, plaintiff has once again filed a putative motion for a temporary restraining order/preliminary injunction. ECF No. 38.  Plaintiff has fallen into a pattern of repeatedly filing deficient motions for immediate injunctive relief, recounting in each filing the most recent events in his housing and classification status.  By Order filed on September 27, 2013, this court found plaintiff's second amended complaint appropriate for service.  ECF No. 37.  Evidently plaintiff's most recent duplicative and insubstantial request for a TRO/PI crossed in the mail with the September 27th Order.

1

1    In his latest request, plaintiff updates his continuing complaints that he is not receiving the
2    medical treatment he seeks for his mental health conditions. He continues to complain that he
3    cannot be double-celled in general population as it would bring on his anxiety arising from past
4    sexual abuse trauma. But plaintiff does not produce any evidence that he is, in fact, being
5    double-celled. Instead, he appears to be bouncing back and forth between crisis bed placement
6    and placement in administrative segregation as a safety and security concern.

7    Plaintiff alleges he is the victim of retaliation for the filing of several lawsuits, including
8    this one, and that he is not receiving the appropriate mental health treatment. Plaintiff includes a
9    copy of a lockup order, dated September 17, 2013, wherein it is stated that plaintiff is being
10   placed in Ad Seg at CMF[1] due to staff safety concerns. ECF No. 38 at 17. It appears from this
11   document that plaintiff is to be confined to Ad Seg until he receives a review by an institutional
12   classification committee and transfer to another institution. Id. However, plaintiff asserts that as
13   of September 26, 2013 he is back in crisis bed placement. Id. at 13. Plaintiff expresses
14   discontent with the varying level of mental health care he claims to be receiving at CMF while
15   also protesting any prison transfer. Plaintiff continues to believe that only treatment in a hospital
16   facility such as Atascadero State Hospital is adequate to address the post-traumatic stress disorder
17   he alleges that he suffers as a result of sexual abuse. The underlying second amended complaint
18   seeks placement in a state hospital as permanent injunctive relief, as well as money damages.

19   <u>Standards Governing Issuance of a Temporary Restraining Order</u>[2]

20   The purpose in issuing a temporary restraining order is to preserve the status quo pending
21   a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary
22   restraining order due to the fact that very few such orders can be appealed prior to the hearing on
23   a preliminary injunction. It is apparent, however, that requests for temporary restraining orders
24   which are not ex parte and without notice are governed by the same general standards that govern
25   the issuance of a preliminary injunction. See <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434

---

[1] California Medical Facility.

[2] The court has previously set forth the legal standards for issuance of a TRO and a preliminary injunction. ECF No. 20 at 2-3 (findings and recommendations adopted by Order at ECF No. 32.

2

1  U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist.
2  Court,</u> 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v.
3  Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court
4  is directed to irreparable harm and the balance of hardships because the merits of a controversy
5  are often difficult to ascertain and adjudicate on short notice.

<u>Standards Governing Issuance of a Preliminary Injunction</u>

"A preliminary injunction is an 'extraordinary and drastic remedy' . . . never awarded as of right."  <u>Munaf v. Geren,</u> 553 U.S. 674, 689 90 (2008) (internal citations omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Am. Trucking Assn, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008)).   A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, . . . assuming the other two elements of the *Winter* test are also met."  <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

<u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting <u>Martin v. International Olympic Comm</u>., 740 F.2d 670, 675 (9th Cir. 1984)).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

\\\\

3

<u>Likelihood of Success on the Merits</u>

The court is unable to assess the likelihood of plaintiff's success on the merits of the second amended complaint at this early juncture. Defendants have yet to be served and thus have not had an opportunity to respond to the allegations.

<u>Likelihood of Irreparable Harm</u>

Plaintiff does not demonstrate that he is being or will be subjected to irreparable harm. His own motion indicates that he is now back in crisis bed placement.

<u>Balance of the Equities</u>

Plaintiff continues to seek a transfer to a state hospital both for psychiatric treatment and as a remedy for his allegedly improper and retaliatory ad seg placement. On screening, the court did not find that the second amended complaint states a claim of retaliation. <u>See</u> ECF No. 14. Moreover, as plaintiff has previously been told, the federal courts are generally loath to interfere with internal discipline in federal or state prisons. <u>Winsby v. Walsh</u>, 321 F. Supp. 523, 526 (C.D. Cal. 1971). In general, prison officials' housing and classification decisions do not implicate a prisoner's constitutional rights. <u>See</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. <u>Meachum v. Fano</u>, 427 U.S. 215, 223-225 (1976).

> The challenge . . . in prison condition cases, is to uphold the Constitution in such a manner that respects the state's unique interest in managing its prison population. It is a challenge that requires us to draw constitutional lines when necessary, yet minimize any intrusion into state affairs.

<u>Madrid v. Gomez</u>, 889 F. Supp. 1146, 1279 (N.D. Cal. 1995).

Regarding mental health treatment, the balance of the equities does not favor judicial intervention at this stage of the proceedings. Plaintiff does not demonstrate that he is no longer being monitored for suicide risk and is not receiving mental health services. Once again, on the present record, it cannot be concluded that these measures are inadequate.

////

////

4

Public Interest

No identifiable public interest would be served by the court's interference with plaintiff's treatment or housing.

Conclusion

For all the reasons set forth above, plaintiff has not established his entitlement to immediate injunctive relief.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's insufficiently supported motion for a TRO or preliminary injunction (ECF No. 38) be denied;

2. Plaintiff be cautioned that he will be sanctioned for an abuse of process should he continue to engage in seriatim filings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff  may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

DATED: October 2, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
walk1193.mtn

5