UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER, | No. 2:13-cv-1193 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| MOHADJER, Clinical Psychologist, et al., | |
| Defendants. | |

Plaintiff in this prisoner civil rights action has filed a request for reconsideration of the district court's September 13, 2013 order denying immediate injunctive relief (ECF No. 32). Plaintiff contends that the court failed to consider that defendant Mohadjer had not responded to the request for a temporary restraining order, as directed by the magistrate judge.  ECF No. 36.

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  Id.  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would

1

1  result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981);
2  see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064
3  (1986).
4       Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or
5  amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the
6  unsuccessful party to "rehash" arguments previously presented, or to present "contentions which
7  might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp.
8  1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);
9  Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings
10 "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial
11 efficiency." Costello, 765 F.Supp. at 1009.
12      By order filed on July 24, 2013, the magistrate judge ordered defendant Mohadjer to
13 respond within ten days to plaintiff's request for immediate injunctive relief.  ECF No. 15.  In a
14 concurrently filed order, the court found the first amended complaint appropriate for service upon
15 defendant Mohadjer.  ECF No. 14.  Because defendant Mohadjer had not yet been served, the
16 Attorney General's Office specially appeared and timely provided the required response
17 addressing plaintiff's mental health treatment status and his allegations of imminent and
18 irreparable harm (ECF No. 19).  See ECF No. 20 (Findings and Recommendations) at 2.
19 Plaintiff's protestations notwithstanding, no further response was required from Mohader
20 personally.  Plaintiff does not present any substantive basis for revisiting the ruling at issue.
21      As an alternative to injunctive relief upon reconsideration, plaintiff requests the issuance
22 of a "certificate of appeal."  ECF No. 35.  Pursuant to 28 U.S.C. § 1292(a)(1), the courts of appeal
23 have jurisdiction over an interlocutory order of the district courts "refusing" an injunction.
24 Ordinarily, an order granting or denying a temporary restraining order ("TRO") is not an
25 appealable interlocutory order.  SEIU v. Nat'l Union of Healthcare Workers, 598 F.3d 1060, 1067
26 (9th Cir. 2010).  However, an order regarding a TRO that possesses the qualities of a preliminary
27 injunction is immediately appealable under 28 U.S.C. § 1292(a)(1).  Id.  Here, plaintiff sought a
28 temporary restraining order and/or a preliminary injunction.  See ECF No. 31 at 1 (requesting a

1  "TRO/injunction"); see also ECF No. 17 at 2 (seeking preliminary injunction under Fed. R. Civ.
2  P. 65(a)).  The court considered and rejected these requests under the standards for preliminary
3  injunctive relief as well as those applicable to TROs.  ECF No. 20 (Findings and
4  Recommendations) at 2-3; ECF No. 32 (Order denying immediate injunctive relief).
5  Accordingly, the court concludes that the order denying preliminary injunctive relief is an
6  appealable order.

7  However, plaintiff must file a notice of appeal in order to proceed.  The court will direct
8  that plaintiff's request for a "certificate of appeal" be construed as a notice of appeal of the
9  interlocutory order denying plaintiff's motions for immediate injunctive relief.

10  Therefore, IT IS HEREBY ORDERED that:

11  1. Plaintiff's motion for reconsideration (ECF No. 36) is denied; and

12  2.  Plaintiff's request for a certificate of appeal (ECF No. 35) is construed as a notice of
13  appeal of the September 13, 2013 Order denying plaintiff's request for immediate injunctive
14  relief (ECF No. 32).

15  Dated:  October 9, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/walk1193.rec

3