UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JEFFREY E. WALKER, | No. 2:13-cv-1193 WBS AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MOHADJER, Clinical Psychologist, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought pursuant to 42 U.S.C. § 1983. The following matters are before the court: (1) defendant's motion to revoke plaintiff's in forma pauperis status and to dismiss (ECF No. 48); (2) plaintiff's motion for a temporary restraining order (ECF No. 51); (3) plaintiff's motion to vacate or stay (ECF No. 63); and (4) plaintiff's motion to compel (ECF No. 67).

To date, plaintiff has filed five motions for preliminary injunctive relief. His motions for a temporary restraining order filed on July 22, 2013 and on July 30, 2013 (ECF Nos. 13, 17) were denied on September 13, 2013. See ECF Nos. 20, 32. Plaintiff unsuccessfully sought reconsideration (see ECF Nos. 36, 41), and then appealed the district court's ruling on these motions (ECF Nos. 41, 42). Before the appeal was even processed to the Ninth Circuit, plaintiff filed a third motion for a Temporary Restraining Order/preliminary injunction on October 1, 2013. ECF No. 38. This motion was also denied by the district court. See ECF No. 50 (Order

1    filed January 7, 2014, adopting Findings and Recommendations filed October 3, 2013 (ECF No.
2    39)). Plaintiff's fourth motion for a TRO, which is presently before the court, was filed on
3    January 10, 2014. ECF No. 51. The interlocutory appeal of the rulings on plaintiff's July 2013
4    motions for preliminary injunctive relief has now been dismissed by the Ninth Circuit. See Order
5    filed on May 2, 2014. ECF No. 69.

6    On November 21, 2013, defendant Mohadjer filed a motion to revoke plaintiff's in forma
7    pauperis status and to dismiss. ECF No. 48. Plaintiff did not timely file an opposition. By Order
8    filed on January 14, 2014, plaintiff was directed to file his opposition to the motion. ECF No. 52.
9    Also on January 14, 2014, the undersigned recommended that the fourth TRO motion be denied
10   as insufficiently supported. ECF No. 52. The next day the court docketed yet another TRO
11   motion (ECF No. 53) which was vacated as duplicative of the previously-filed motion, which was
12   still pending when the latest request was submitted. ECF No. 54.

13   On February 13, 2014, plaintiff sought an extension of time to object to the pending
14   Findings and Recommendations and to oppose the motion to revoke IFP status. In light of
15   plaintiff's representations that he had been separated from his legal property in a recent transfer
16   and lacked law library access, the undersigned vacated the Findings and Recommendations. ECF
17   No. 60. Defendants were directed to respond to plaintiff's fourth motion for preliminary
18   injunctive relief within twenty days, and to advise the court of the status of plaintiff's access to
19   the law library and receipt of his legal property. Id. In addition, plaintiff was granted an
20   extension of time to oppose the motion to revoke IFP and to dismiss within thirty days of notice
21   to the court by defendants that plaintiff had been provided his legal property related to the instant
22   case and adequate law library access. Id. Plaintiff was cautioned that his failure to file an
23   opposition within the time provided by this order would be deemed a statement of non-opposition
24   and would result in a recommendation that this action be dismissed pursuant Federal Rule of Civil
25   Procedure 41(b). Id.

26   In response, defendants provided a memorandum from a facility captain at the California
27   Health Care Facility dated February 18, 2014, indicating that plaintiff had been an inpatient at the
28   California Health Care Facility since January 30, 2014 and that the status of his mental health and

his treatment regime had "severely restricted his ability to have access to his legal documents and legal library usage." ECF No. 61-1 at 4. The undersigned, by order filed on February 27, 2014, granted defendants' request to extend the time for their response to plaintiff's motion for preliminary injunctive relief until after the motion to revoke IFP had been adjudicated. ECF No. 62. Counsel for defendants was also directed to notify the court as soon as counsel was informed plaintiff's legal materials had been returned to him and he had law library access. Id. Plaintiff was informed that once such notice was filed and served, he would have thirty days to file his opposition to the motion to revoke his IFP status[1] and was again cautioned that failure to file an opposition timely would be deemed a statement of non-opposition and would result in a recommendation that this action be dismissed. Id. The court's docket indicates that no such notice has yet been filed.

    Plaintiff then filed, on March 4, 2014, a "motion to vacate or stay motion to revoke IFP and to dismiss. . . ." ECF No. 63. In that motion, plaintiff appears to be confused as to how this action proceeds. Plaintiff asks that defendants' motion to revoke IFP be vacated or stayed on grounds that defendants have not yet responded to the operative second amended complaint. However, applicability of the "imminent danger to serious physical injury exception" under 28 U.S.C. § 1915(g), which plaintiff evidently seeks to, is determined on the basis of the original complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.2007); see id. at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

    On April 7, 2014, plaintiff filed a motion indicating that he has been returned to R.J. Donovan (RJD) and seeks access to his legal property. ECF No. 67. Plaintiff again appears to be confused about what is at issue in the motion to revoke IFP status, incorrectly arguing that the motion may technically be void in light of the filing of the now operative second amended complaint. In response, counsel for defendants states that counsel had been working with the litigation coordinator at RJD to locate plaintiff's legal materials, but that plaintiff had since been

---

[1] Plaintiff was also informed that while he was not required to, he might file his opposition sooner if he could do so under his then-present circumstances. Id.

1  transferred to a mental health crisis bed at California Men's Colony.  ECF No. 68.  Counsel
2  further informs the court that plaintiff was returned to RJD on April 10, 2014, but the next day
3  was again placed in a mental health crisis bed (MHCB) and was therefore unable to take
4  possession of his legal materials.  Id.  Counsel reports that "all of plaintiff's known legal
5  materials" have now been located by RJD staff and will be released to plaintiff as permitted by
6  his housing restrictions once he is released from the MHCB.  Id.  Moreover, following the
7  completion of his treatment plaintiff is to have law library access.  Id.  Because plaintiff's
8  location and housing arrangements change rapidly, counsel for defendants asks that the court
9  order plaintiff to advise it of issues relating to his access to legal materials and law library, rather
10  than burdening defendants' counsel with the time-consuming task of monitoring plaintiff's
11  movements.  Id.

12  The TRO motion that remains pending was not supported by the necessary documentation
13  when it was filed.  See ECF No. 52 (Findings and Recommendations) (vacated by ECF No. 60).
14  Plaintiff's circumstances have changed since that time, and remain in flux.  The court's attempts
15  to supplement and clarify the factual record have not resulted in a record that permits adjudication
16  of the merits of the TRO motion.  Moreover, plaintiff's filings are extremely difficult to
17  understand.  Given these circumstances, it is not possible for the court to determine the facts that
18  are potentially material to the TRO request.

19  Accordingly, upon consideration of the present posture of this case, the court makes the
20  following ORDERS:

21  1. Defendants' motion to revoke plaintiff's in forma pauperis status and to dismiss (ECF
22  No. 48) is VACATED without prejudice to its renewal once plaintiff notifies the court, and
23  defendants' counsel confirms, that he has been reunited with his legal property and has law
24  library access;

25  2. Upon re-notice of the motion to revoke IFP status, plaintiff will have thirty days to file
26  his opposition; failure to file a timely opposition will be deemed a statement of non-opposition
27  and result in a recommendation of dismissal of this action;

28  3. Plaintiff's inadequately-supported motion for a TRO (ECF No. 51) is also VACATED

without prejudice to its renewal in compliance with Fed. R. Civ. P. 65(b) and Local Rule 231(as modified in part by Local Rule 230(l));

    4.  Plaintiff's motions at ECF Nos. 63 and 67 are denied as moot.

DATED: May 15, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE