UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER, | No. 2:13-cv-01193-WBS-AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MOHADJER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Pending before the court is defendants' May 28, 2014 motion to revoke plaintiff's in forma pauperis status and dismiss the case. ECF No. 74.

Defendant Mohadjer moves to revoke plaintiff's in forma pauperis status, contending that plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g). ECF No. 74. Defendants Demps, Fialos, Cain Mathis, Sheldon, Strayhorn, and White join in this motion. ECF No. 76. By order dated August 20, 2014, defendants' motion was deemed unopposed.[1]

---

[1] The procedural history regarding plaintiff's failure to file an opposition to defendants' motion is detailed in the court's July 10, 2014 and August 20, 2014 orders. See ECF No. 77, 79. In sum, plaintiff was given one final opportunity to oppose defendants' motion. Plaintiff was warned that no further extensions of time would be granted and that failure to file an opposition within thirty days would result in a recommendation that the action be dismissed. Id. Nevertheless, plaintiff did not file a timely opposition and instead requested yet another extension of time. ECF No. 78. The court denied plaintiff's request and deemed defendants' motion unopposed. ECF No. 79 at 2.

1

1     I.    <u>Standards Governing Revocation of IFP Status</u>

2     28 U.S.C. § 1915 permits any court of the United States to authorize the commencement

3 and prosecution of any suit without prepayment of fees by a person who submits an affidavit

4 indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

10 28 U.S.C. § 1915(g).

11     In forma pauperis status may be acquired and lost during the course of litigation.

12 <u>Stehouwer v. Hennessey</u>, 841 F.Supp. 316, 321 (N.D. Cal., 1994), <u>vacated on other grounds by</u>

13 <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear

14 that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the

15 prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling

16 three). <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should

17 be used to deny a prisoner's in forma pauperis status only upon a determination that each action

18 reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as

19 frivolous, malicious or for failure to state a claim. <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th

20 Cir. 2005). Defendants have the burden to "produce documentary evidence that allows the

21 district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed

22 because they were 'frivolous, malicious or fail[ed] to state a claim.'" <u>Id.</u> at 1120 (quoting §

23 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior

24 dismissal should not count as a strike. <u>Id.</u> If the plaintiff fails to meet that burden, plaintiff's IFP

25 status should be revoked under § 1915(g). <u>Id.</u>

26     A dismissal must be final before it counts as a 'strike' for § 1915(g) purposes. <u>Silva v. Di</u>

27 <u>Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011). A dismissal ripens into a 'strike' for § 1915(g)

28 purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari,

1 if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari
2 expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a
3 dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal
4 expired." Id., n.6.

5     II.    <u>Plaintiff's Previous Dismissals and Ninth Circuit Order</u>

6 Defendants contend that the following three cases constitute strikes: <u>Walker v. San
7 Francisco County Jail</u>, No. 3:08-cv-01264-CRB (N.D. Cal.); <u>Walker v. Jane Doe</u>, No. 3:08-cv-
8 01265 CRB (N.D. Cal.); and <u>Walker v. Gradillas, et al.</u>, No. 3:09-cv-02845-CRB (N.D. Cal.).
9 Defendants' request for judicial notice of these proceedings is granted.[2]

10 On October 17, 2013, on appeal of this court's denial of a temporary restraining order, the
11 Ninth Circuit issued an order recognizing that plaintiff was proceeding in forma pauperis and
12 finding that plaintiff "has had three or more actions or appeals dismissed as frivolous or for
13 failure to state a claim."[3] ECF No. 75-4, Ex. 4 at 2. The Ninth Circuit directed plaintiff to pay
14 the filing fee for his appeal or to show cause under the imminent danger exception why his in
15 forma pauperis status should not be revoked. See ECF No. 75-4, Ex. 4 at 2 (citing § 1915(g) for
16 the proposition that a "prisoner with three prior dismissals may proceed in forma pauperis only if
17 he is under imminent danger of serious physical injury").

18 On October 31, 2013, the appellate court docked plaintiff's response to the Order to Show
19 Cause ("OSC"), which invoked the imminent danger exception to the "three strikes" provision.
20 See Dkt. No. 4 in Case No. 13-17041 (9th Cir.). On November 12, 2013, the court discharged the
21 OSC and declined to revoke plaintiff's in forma pauperis status. See Dkt. No. 5 in Case No. 13-
22 17041 (9th Cir.)

23 For the reasons discussed below, the undersigned finds that plaintiff has satisfied the

---

[2] A court may take judicial notice of court records. See <u>Barron v. Reich,</u> 13 F.3d 1370, 1377 (9th Cir. 1994); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[3] The Ninth Circuit relied on the same three cases submitted by defendants in support of the current motion before this court. See <u>Order</u> filed on November 12, 2013 (Dkt. No. 5) in Case No. 13-17041 (9th Cir.). All three actions were dismissed for failure to state a claim under § 1983. See ECF No. 75-1, Ex. 1 at 5; ECF No. 75-2, Ex. 2 at 5; ECF No. 75-3, Ex. 3 at 5; ECF No. 75-4 at 2.

imminent danger exception and therefore that plaintiff's in forma pauperis status should not be revoked.

### III.     Imminent Danger Exception

Under the Prison Litigation Reform Act (PLRA) (as amended in 1996), prisoners who have had three complaints dismissed as frivolous or malicious, or for failure to state a claim, are barred from filing additional in forma pauperis complaints unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception . . . Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055. "[A] prisoner who alleges that prison officials continue with a practice that has injured him . . . in the past will satisfy the 'ongoing danger' standard and meeting the imminence prong of the three strikes exception." Id. at 1056-57.

Plaintiff alleges in his original complaint that he is a participant in the Mental Health Delivery system and suffers from post-traumatic stress disorder (PTSD) due to "sexual abuse trauma" he experienced at the hands of cellmates and prison guards in 1993, 1994, and 2010.[4] ECF No. 1 at 5-6. Consequently, plaintiff's PTSD is triggered by, among other things, interactions with "custody guards or supervisors" and the threat of being housed with a cellmate ("double celled"). Id. at 7, 8. Plaintiff alleges that his PTSD episodes can cause him to react in a violent way and that defendants' failure to adequately treat him for PTSD has injured plaintiff in the past and places him at a continuous risk of harming himself or others. ECF No. 1 at 7, 10-12.

Plaintiff alleges that in 2005, plaintiff slit his wrist three times in one day. Id. at 7. In 2006, plaintiff slashed his wrist, ingested pills, ingested razor blades, tied a noose around his neck, was subjected to four and five-point restraints, and threatened his cellmate. Id. Plaintiff

---

[4] It is unclear whether plaintiff alleges that he was also sexually assaulted by prison guards in 2012. See ECF No. 1 at 6.

1  was sent to California Medical Facility (CMF) for physical therapy and was given a single cell

2  assignment, but had another PTSD-related incident in December 2006 when he was moved to a

3  double cell. Id. at 8.

4  In 2007 and 2008, plaintiff was a participant in the Enhanced Outpatient Program (EOP)

5  and was transferred to the Department of Mental Health for treatment. ECF No. 1 at 8. Plaintiff

6  provided information about his past trauma, but was refused treatment for PTSD. Id.

7  In 2009, plaintiff had a PTSD episode and was transferred to Old Folsom under

8  "CCCMS" status. ECF No. 1 at 8-9. After several crisis bed placements, plaintiff was given

9  EOP status and transferred again, but still was not provided with PTSD treatment. Id. As a

10 result, he suffered numerous additional crisis bed placements. Id. at 9.

11 In 2010, plaintiff was transferred to New Folsom as an EOP patient, but still did not

12 receive treatment for PTSD and suffered more crisis bed placements. ECF No. 1 at 9. He was

13 then transferred to Lancaster for treatment from 2010 to 2012, but again was not provided with

14 PTSD treatment. Id. As a result, he was sent to crisis beds numerous times and received

15 disciplinary violations for his PTSD-related conduct. Id. at 9-10.

16 In December 2012, plaintiff was given EOP status and was transferred to CMF for

17 treatment. ECF No. 1 at 6-7, 10. In January 2013, he was refused treatment for PTSD by

18 defendants Fialos, Strayhorn, and Sheldon, despite their knowledge that his PTSD could easily be

19 triggered and result in life-threatening situations. Id. at 10. He was then removed from EOP and

20 placed on "CCCMS" status. Id. at 11. Due to the lack of PTSD treatment, he suffered

21 "continuous mental and emotional trauma on a daily basis," was sent to the emergency room

22 despite an increase in medication, and suffered anxiety attacks, chest pain, and high blood

23 pressure. Id.

24 In January or February 2013, defendant Mohadjer, a psychologist, refused to provide

25 treatment for plaintiff's PTSD and refused to refer him to an outside agency for treatment after

26 she learned about grievances that plaintiff had previously filed against her friends. ECF No. 1 at

27 11. Because of the lack of treatment, plaintiff suffered heart and chest pain, increased anxiety,

28 high blood pressure, and increased paranoia. Id. at 12.

5

The instant action was filed on June 14, 2013. ECF No. 1. The allegations in the complaint are not limited to past events. Rather, plaintiff alleges that he is in imminent danger of harm due to defendants' ongoing failure to treat him for PTSD. Stated generally, plaintiff alleges that his years of inadequately-treated PTSD resulted in suicide attempts, panic attacks, paranoia, chest and heart pain, high blood pressure, and commitment to crisis beds, and that at the time this action was filed he still had not received adequate treatment. Because plaintiff has made plausible allegations that defendants continued with a practice of non-treatment that had injured plaintiff in the past, the imminent danger exception is satisfied. See Andrews, 493 F.3d at 1056-57. For the foregoing reasons, defendants' motion should be denied.

Accordingly, IT IS ORDERED that:

1. Defendants' request for judicial notice of documents (ECF No. 75) in support of their motion to revoke in forma pauperis status is granted; and

IT IS RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status and dismiss the case (ECF No. 74) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE