UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JEFFREY E. WALKER, | No. 2:13-cv-1193 WBS AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MOHADJER, et al., | |
| Defendants. | |

    Plaintiff has filed a request for a court order directing his legal documents and property to be forwarded from R.J. Donovan Correctional Facility to his current location at San Francisco County Jail. ECF No. 103. Plaintiff alleges that these legal documents contain information necessary to his claims in the instant case. Id.

    It is unclear from plaintiff's motion why he was transferred to San Francisco County Jail, how long he is expected to remain there, and whether he was transferred directly from R.J. Donovan Correctional Facility or released for a period in between. Therefore, defendants will be required to file a notice with the court advising whether plaintiff's transfer to San Francisco County Jail is temporary and whether the CDCR is still in possession of plaintiff's legal property.

    In plaintiff's request, plaintiff also references his need for access to a typewriter. It is unclear if plaintiff is requesting that his personal typewriter be forwarded from R.J. Donovan, or if he is requesting access to a typewriter at San Francisco County Jail. To the extent plaintiff

requests a court order granting him access to a typewriter, plaintiff has failed to explain why a court order is necessary for him to obtain such access.

      Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall file a notice within ten (10) days of the date of this order advising the court whether the CDCR is still in possession of plaintiff's legal property.  If the CDCR is still in possession of plaintiff's property, defendants shall also advise when plaintiff's property is expected to be forwarded to plaintiff.  If the property will not be transferred to plaintiff, defendants should explain why not.  If the CDCR is no longer in possession of plaintiff's legal property, defendants shall advise when plaintiff's legal property was released.  Defendants shall also advise the court whether plaintiff's transfer to San Francisco County Jail is temporary.  If the transfer is temporary, defendants should advise the court as to approximately when plaintiff is expected to be transferred back to the CDCR.

2. Plaintiff's request for typewriter access is denied.  Plaintiff may renew his motion regarding access to a typewriter if he establishes that 1) he cannot purchase a typewriter for personal use, and 2) he has been denied access to a typewriter at San Francisco County Jail.

3. Plaintiff will be given an additional time to file his opposition to defendants' motion for summary judgment once the issue of plaintiff's access to his legal property is resolved.

DATED: December 3, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE