1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY E. WALKER,                          No.  2:13-cv-1193 WBS AC P

12                Plaintiff,

13        v.                                      ORDER

14   MOHADJER, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  This action proceeds on the second amended complaint

19   against defendants Demps, Fialos, Cain Mathis, Mohadjer, Sheldon, Strayhorn, and White for

20   violations of plaintiff's rights under the Eighth Amendment.  ECF No. 33.  This order addresses

21   plaintiff's motion for a court order directing defendants to respond to plaintiff's motion for a

22   temporary restraining order, ECF No. 89, and plaintiff's motion for a stay of his deposition, ECF

23   No. 93.

24        I.    Background

25        On January 10, 2014, plaintiff filed a motion for preliminary injunctive relief, ECF No.

26   51, which is the subject of plaintiff's instant motion for a court order, ECF No. 89.  By order

27   ////

28   ////

1

1   dated January 14, 2014, the court denied plaintiff's motion for preliminary injunctive relief.  ECF

2   No. 52.[1]

3          On February 13, 2014, plaintiff requested an extension of time to oppose defendants'

4   then-pending motion to revoke plaintiff's in forma pauperis status and dismiss the complaint.

5   ECF No. 59.  On February 27, 2014, the court granted plaintiff's request for an extension of time.

6   ECF No. 60.  However, the court also noted that plaintiff's motion presented additional factual

7   allegations that might be relevant to defendants' motion to revoke plaintiff's IFP status and/or

8   plaintiff's January 10, 2014 motion for preliminary injunctive relief.  ECF No. 60 at 1-2.  In light

9   of the additional factual allegations, the court directed defendants to file a response to plaintiff's

10   motion for preliminary injunctive relief, ECF No. 51, and to address the allegations of retaliation

11   raised in plaintiff's subsequent motion, ECF No. 59.  ECF No. 60 at 2.  The court also directed

12   defendants to advise the court of the status of plaintiff's access to the law library and to his legal

13   property.

14          Defendants subsequently requested an extension of time to oppose plaintiff's motion for

15   injunctive relief and allegations of retaliation until after the court resolved defendants' motion to

16   revoke plaintiff's IFP status.[2]  ECF No. 61.  By order dated February 27, 2014, the court granted

17   defendants' request and ruled that defendants would not be required to respond until defendants'

18   pending motion was resolved.  ECF No. 62.

19          On April 7, 2014, plaintiff filed a motion indicating that he had been returned to R.J.

20   Donovan and seeking access to his legal property.  ECF No. 67.  On April 17, 2014, counsel for

21   defendants provided the court with updated information regarding plaintiff's mental health status

22   and access to the law library and to his legal materials.[3]  ECF No. 68.

23   _____

24   [1]  On January 15, 2014, plaintiff filed another motion for preliminary injunctive relief, ECF No. 53, which was vacated as duplicative of plaintiff's then-pending January 10, 2014 motion, ECF No. 51.  ECF No. 54.

25   [2]  Defendants also provided the court with information regarding plaintiff's mental health status, which indicated that plaintiff's treatment regime had "severely restricted his access to his legal documents and legal library usage."  ECF No. 61-1 at 4.

26   [3]  Counsel for defendants informed the court that counsel had been working with the litigation coordinator at RJD to locate plaintiff's legal materials, but that plaintiff had since been transferred

27   

28   (continued…)

2

1        On May 15, 2014, the court vacated defendants' motion to revoke plaintiff's IFP status

2  without prejudice to its renewal once plaintiff notified the court that he had been reunited with his

3  legal property and had access to the law library.  ECF No. 72.  In the same order, the court

4  vacated plaintiff's January 10, 2014 motion for preliminary injunctive relief, ECF No. 51, without

5  prejudice to its renewal in compliance with the applicable federal and local rules.  ECF No. 72 at

6  4-5.

7        On May 24, 2014, defendants renewed their motion to revoke plaintiff's IFP status and to

8  dismiss the complaint.  ECF No. 74.  On February 11, 2015, the court issued findings and

9  recommendations recommending that defendants' motion be denied.  ECF No. 80.  These

10  findings and recommendations were adopted in full by the district judge on March 12, 2015.  ECF

11  No. 82.

12        On April 13, 2015, plaintiff filed the instant motion requesting that the court issue an

13  order directing defendants to respond to his January 10, 2014 motion for preliminary injunctive

14  relief.  See ECF No. 89.  On May 6, 2015, defendants opposed plaintiff's April 13, 2015 motion.[4]

15  ECF No. 92.

16        On May 18, 2015, plaintiff filed a motion for a temporary stay of plaintiff's deposition.

17  ECF No. 93.  On July 14, 2015, defendants filed a motion for summary judgment on the grounds

18  that plaintiff failed to exhaust administrative remedies prior to filing suit.  ECF No. 99.  By order

19  dated July 16, 2015, the court granted defendants' request to stay discovery pending resolution of

20  defendants' motion for summary judgment.  ECF No. 101.  Briefing on defendants' summary

21  judgment motion is still in progress.

22

23  to a mental health crisis bed at California Men's Colony.  ECF No. 68.  Counsel further informed the court that plaintiff was returned to RJD on April 10, 2014, but the next day was against placed in a mental health crisis bed and was therefore unable to take possession of his legal materials.

24  Id.  Counsel indicated that all of plaintiff's known legal materials were located by RJD staff and would be released to plaintiff as permitted by his housing restrictions once he was released from

25  the mental health crisis bed.  Id.

26  [4]  In their opposition, defendants argue that the rationale set forth in the court's January 14, 2014 order and findings and recommendations, ECF No. 52, denying plaintiff's January 10, 2014

27  motion for preliminary injunctive relief remains valid and that defendants should not be required to file an additional response.  ECF No. 92.

28

II.     Plaintiff's Motion for an Order Directing Defendants to Oppose his TRO

In his motion, plaintiff requests that the court order defendants to respond to plaintiff's January 10, 2014 motion for preliminary injunctive relief, ECF No. 51, which plaintiff contends is still pending.  See ECF No. 89.  Plaintiff contends that defendants should be required to oppose the motion, as previously directed by the court.

Plaintiff is advised that his motion for preliminary injunctive relief, ECF No. 51, is no longer pending before the court.  The court disposed of plaintiff's motion, ECF No. 51, in the court's May 15, 2014 order, ECF No. 72.  In that order, the court observed as follows:

> The TRO motion that remains pending was not supported by the necessary documentation when it was filed.  See ECF No. 52 (Findings and Recommendations) (vacated by ECF No. 60).  Plaintiff's circumstances have changed since that time, and remain in flux.  The court's attempts to supplement and clarify the factual record have not resulted in a record that permits adjudication of the merits of the TRO motion.  Moreover, plaintiff's filings are extremely difficult to understand.  Given these circumstances, it is not possible for the court to determine the facts that are potentially material to the TRO request.

ECF No. 72 at 4.  The court ordered that "[p]laintiff's inadequately-supported motion for a TRO (ECF No. 51) [be] VACATED without prejudice to its renewal in compliance with Fed. R. Civ. Pro. 65(b) and Local Rule 231 (as modified in part by Local Rule 230(l)."  Id. at 4-5.

Because plaintiff's January 14, 2014 motion for preliminary injunctive relief is not pending before the court, and plaintiff has not filed a renewed motion that complies with Fed. R. Civ. Pro. 65(b) and Local Rule 231 (as modified in part by Local Rule 230(l)), there is no pending request for injunctive relief for defendants to respond to.  Accordingly, plaintiff's request for a court order requiring defendants to oppose plaintiff's January 10, 2014 motion, ECF No. 51, is denied.

III.    Motion for a Stay

On May14, 2015, plaintiff filed a motion for a temporary stay on the taking of plaintiff's deposition.  ECF No. 93 at 1.  In his motion, plaintiff appears to allege that his mental health will be in "imminent danger" if defendants are allowed to take his deposition.  Plaintiff explains that because of past abuse by prison officials, plaintiff may experience life-threatening anxiety

4

1    attacks, high blood pressure, or other irreparable harm if defendants are permitted to take

2    plaintiff's deposition.  Id. at 1-2.

3            Defendants did not file a direct response to plaintiff's motion.  However, the court notes

4    that in defendants' motion to stay discovery, counsel for defendants stated in her declaration that

5    plaintiff's deposition date was vacated based on plaintiff's request.  See ECF No. 100 at 2.

6    Accordingly, because plaintiff is no longer scheduled to have his deposition taken, plaintiff's

7    request is denied as moot.

8            IV.    Summary

9            The court will not order defendants to respond to plaintiff's January 14, 2014 motion for

10   preliminary injunctive relief, ECF No. 51, because plaintiff's motion is not pending before the

11   court.  On May 15, 2014, the court issued an order vacating plaintiff's January 14, 2014 motion,

12   ECF No. 51, from the court's calendar.  Because the court vacated plaintiff's motion, no further

13   response from defendants is required.

14           Plaintiff's motion for a stay on his deposition is denied as unnecessary because defendants

15   have already cancelled plaintiff's deposition date.

16           V.    Conclusion

17           In accordance with the above, IT IS HEREBY ORDERED that:

18           1.  Plaintiff's motion for a court order directing defendants to oppose plaintiff's motion

19               for injunctive relief (ECF No. 89) is denied;

20           2.  Plaintiff's request for a stay of his deposition (ECF No. 93) is denied.

21   DATED: December 4, 2015

22                                                    ALLISON CLAIRE

23                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28