UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER, | No.  2:13-cv-1193 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| MOHADJER, et al., | |
| Defendants. | |

On September 2, 2016, the undersigned issued Findings and Recommendations recommending that defendants' motion for summary judgment be granted on the ground that plaintiff failed to exhaust administrative remedies prior to filing suit. ECF No. 125.  Plaintiff has filed a request for extension of time to respond to the court's Findings and Recommendations. ECF No. 126.  In his request, plaintiff asserts that he will be able to prove exhaustion once he receives a copy of the "appeals filed Dec 2012 to Nov 2013 in the possession of the Deputy Attorney General."[1] Id. at 1.  Plaintiff asserts that in his objections, he intends to address the fact that a claim is deemed exhausted where there is "no remedy left to resolve," and that "staff can't pick and [choose] what are staff complaints."  Id.

////

---

[1] Plaintiff explains that he had copies of the requested appeals, but lost them when he was released from jail and transferred to "a hospital setting."  See ECF No. 1 at 1.

Plaintiff is advised that detailed legal arguments are not necessary in order for plaintiff to object to the Findings and Recommendations. Moreover, review of the September 2, 2016 Findings and Recommendations in this case (ECF No. 125) demonstrates that the undersigned's recommendation this action be dismissed without prejudice is mandated by applicable legal principles based on undisputed facts. There are no foreseeable grounds upon which plaintiff can reasonably refute the pertinent facts or dispute the binding legal authority. To the extent plaintiff asserts that his claims are exhausted because there was "no remedy left" and staff inappropriately designated his appeals as staff complaints, plaintiff already raised these arguments in his opposition to defendants' motion for summary judgment. See ECF No. 123 at 2-4. Moreover, with respect to exhaustion, the problem with plaintiff's appeals is that the relevant appeals were filed too late, i.e. *after* plaintiff initiated this civil rights action. See ECF No. 125 at 11-13. There is no reason to believe plaintiff will be able to refute this conclusion if he is provided with additional copies of his appeals.

Nonetheless, in order to protect plaintiff's rights, secure independent review by the assigned district judge, and preserve issues for appeal, the court will construe plaintiff's request for an extension of time as an objection to the recommendation that this action be dismissed without prejudice, and to any and all findings and fact and conclusions of law on which that recommendation is based. Plaintiff need take no further action in order for his objections to be considered. The district court will consider the arguments that plaintiff has previously made regarding exhaustion of administrative remedies, and will review the issue *de novo*.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for extension of time, ECF No. 126, is construed as an objection to the magistrate judge's recommendation that this action be dismissed without prejudice, ECF No. 125, and to any and all findings and fact and conclusions of law on which that recommendation is based.

DATED: September 26, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE